JOHN A. PAINE & others *vs.* ELKANAH PAINE.

A suit in equity against one partner by his copartners for a dissolution of the partnership and a settlement of accounts was referred to a master, and afterwards referred to him as arbitrator to finally determine all matters in dispute between the parties. *Held*, that an award directing the defendant to pay a certain sum of money to the plaintiffs, without directing a dissolution of the partnership, and stating an account between each partner and the firm, was not final, but must be recommitted to the arbitrator.

BILL IN EQUITY against one partner by his copartners for a dissolution of the partnership and a settlement of accounts. After answer filed, the cause was referred to William J. Hubbard, Esq., as master in chancery, " to take and state an account of the partnership dealings between the plaintiffs and defendant." Pending the hearing before the master, it was agreed by the parties, and ordered by the court, that " this cause, and all mutual claims and demands between the plaintiffs and defendant in any way resulting from the transactions of the said co partnership, and the doings or defaults of the defendant as agent or managing partner of the copartnership, mentioned in the pleadings in this cause, shall be referred to the said Hubbard, as arbitrator, with full power and authority to arbitrate, determine and award upon all and singular the matters aforesaid, in the same manner as if the pleadings in this cause were such as to present all and singular the matters and doings hereby agreed to be submitted to the arbitrament of said Hubbard; and in passing and deciding upon the matters so submitted, the said arbitrator is to be at liberty to adjudicate upon any of the said claims and demands, and to receive evidence in support of any just grounds of defence which may be set up ; and neither party shall be precluded from averring such claims, or maintaining such defence, by reason of any defect in the pleadings of either party, or by reason of any matter or thing therein contained which might be held to operate as an estoppel."

The arbitrator afterwards made an award which was accepted by *Merrick*, J., subject to the opinion of the full court, and is sufficiently stated in their opinion.

*H. G. Hutchins,* for the defendant.

*C. P. Hinds & W. Tilton,* for the plaintiffs.

SHAW, C. J. The court are of opinion that, as the report of the arbitrator now stands, it is not final, and cannot be accepted without directing a decree that the partnership be dissolved, stating an account between each partner and the firm; it directs one partner to pay a sum of money to the other partners, leaving the partnership account still open. It seems to us that, under the powers vested in the arbitrator, he may do both what a master would find and what the court should decree, as a final settlement of the partnership account, between each partner and the firm, and thus ascertain what is due to it from each. For this purpose it was necessary to close the concern, to provide for the collection of all dues, the payment of all debts, and if there be any surplus to distribute it amongst the parties. And the order of the court is that the report and the whole case be recommitted to the arbitrator, to take the account and complete the settlement upon the grounds above indicated.

It seems to be a very small concern, hardly important enough to warrant the labor and expense of such a suit; and if the parties will consent to settle it among themselves, it would seem the best course for them to pursue.        *Report recommitted.*